# NO. 12-07-00405-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRIS GERALD KILLGO,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Chris Gerald Killgo appeals the trial court's revocation of his probation and adjudication of his guilt. In two issues, Appellant argues that the trial court abused its discretion by revoking his probation based upon insufficient evidence. We affirm.

## BACKGROUND

On May 4, 2006, Appellant pleaded guilty to the aggravated sexual assault of a child. The trial court deferred the adjudication of Appellant's guilt and ordered ten years probation. On January 25, 2007, the State moved for the trial court to revoke Appellant's probation and adjudicate his guilt. A hearing was held and the trial court found that Appellant had violated several conditions of his probation. The trial court subsequently revoked Appellant's probation and adjudicated the aggravated sexual assault of a child charge, finding him guilty and assessing his punishment at fifty years of imprisonment and a $10,000 fine. The trial court subsequently signed a judgment that

contained a written finding that Appellant had violated eight conditions of his probation.[1] This appeal followed.

## REVOCATION OF PROBATION

In two issues, Appellant asserts that the trial court abused its discretion by revoking his probation based upon insufficient evidence. However, Appellant has limited these issues to one argument:

> Specifically, the State failed to prove [by sufficient evidence] that Appellant was able to pay but failed to pay financial obligations during the months of June to December 2006.

The briefs submitted by Appellant and the State reflect that, of the eight conditions the trial court found Appellant had violated, six of those related to "financial obligations." It is undisputed that the remaining two conditions related to performing community service and submitting to a polygraph examination. Therefore, Appellant requests that we reverse the trial court's judgment despite the fact that two of the supporting findings contained in that judgment have not been challenged.[2]

---

[1] Appellant does not complain of the inconsistency shown by the record between the trial court's oral findings and its written findings set forth in its judgment. When an appellate court reviews a trial court's findings supporting a revocation of probation, the trial court's written findings generally control over the trial court's oral announcement of findings. *See, e.g., Aguilar v. State*, 542 S.W.2d 871, 874 (Tex. Crim. App. 1976); *Balli v. State*, 530 S.W.2d 123, 125 (Tex. Crim. App. 1975). *But see Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (noting, in dicta, a previous opinion asserting exception to general rule); *Mazloum v. State*, 772 S.W.2d 131, 132 (Tex. Crim. App. 1989) (asserting exception to general rule). This is particularly true where the written order is included in the appellate record to which no objection has been addressed. *Jiminez v. State*, 552 S.W.2d 469, 473 (Tex. Crim. App. 1977); *Ablon v. State*, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976).

[2] Texas Rule of Appellate Procedure 38.1(e) provides that "the statement of an issue or point [presented for review] will be treated as covering every subsidiary question that is fairly included." TEX. R. APP. P. 38.1(e); *State v. Bailey*, 201 S.W.3d 739, 743 (Tex. Crim. App. 2006). Rule 38.9 instructs that the briefing rules are to be construed liberally, allowing the appellate court to "require additional briefing, and make any other order necessary for a satisfactory submission of the case" if it "determines . . . that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs." TEX. R. APP. P. 38.9(b); *Bailey*, 201 S.W.3d at 743-44. Neither of these rules authorize a court of appeals to reverse a trial court on an issue that was not raised by the appellant. *See Bailey*, 201 S.W.3d at 743-44. Instead, such an act is an abuse of discretion by the court of appeals. *See id.* Further, while courts of appeal may have the discretion to review unassigned error, *see Carter v. State*, 656 S.W.2d 468, 468-70 (Tex. Crim. App. 1983), appellate courts "can only sit in review upon matters of error either fundamental or which are properly raised upon the trial, and properly brought before [the appellate court]." *See Moreno v. State*, 114 Tex. Crim. 559, 561, 26 S.W.2d 652, 653 (1930) (op. on reh'g); *see also Carter*, 656 S.W.2d at 469 n.4. (quoting *Moreno*). We have determined that the case before us does not present an

"Appellate review of an order revoking probation is limited to abuse of the trial court's discretion." *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). Where the sufficiency of the evidence supporting a trial court's decision to revoke probation is challenged, a trial court does not abuse its discretion if the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his probation. *See Rickels*, 202 S.W.3d at 763-64; *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). In cases where the trial court revokes probation based upon findings that a defendant violated more than one condition of probation, such a revocation does not constitute an abuse of discretion where any single finding of a violation is held to be valid. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address [the] appellant's other contentions since one sufficient ground for revocation will support the [trial] court's order to revoke probation."); *Balli*, 530 S.W.2d at 126 ("There being a valid ground to justify revocation, we need not consider [the] appellant's other contention that the evidence showed only a single use of alcohol and did not reflect an injurious or vicious habit in violation of probation.").

Appellant has failed to challenge two of the eight probation violations that the trial court found. Because one unchallenged finding of a probation violation is sufficient to support a trial court's revocation of probation, we overrule Appellant's first and second issues.[3]

## DISPOSITION

We *affirm* the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

---

appropriate situation for the review of unassigned error regarding one or both of the two unchallenged findings. *See Tanner v. State*, 681 S.W.2d 626, 628 (Tex. App.–Houston [14th Dist.] 1983, pet. ref'd) ("Fundamental error occurs when a defendant's rights are injured to the extent that he is denied a fair and impartial trial."); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)(op. on reh'g) ("On the other hand, if no proper objection was made at trial and the accused must claim that the error was 'fundamental,' he will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'-in short 'egregious harm.'").

[3] *See* note 2.

Opinion delivered July 2, 2008.

*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)