HENRY COOKE v. THE STATE.

No. 7807.   Decided June 13. 1923.

Rehearing denied October 31, 1923.

1.—Selling Intoxicating Liquor—Sufficiency of the Evidence

Where, upon trial of selling intoxicating liquor, the evidence is sufficient to support the conviction, there is no reversible error.

2.—Same—Motion for New Trial—Bills of Exceptions—Practice on Appeal.

It is not necessary to reserve a bill of exceptions to the action of the trial court in overruling the motion for a new trial, unless some question

of fact not before the court in the trial be raised and presented in such. motion.

**3.—Same—Representation by Counsel.**

It is not the duty of the trial court to appoint an attorney to represent the accused except in capital cases, and where the court gave the defendant sufficient time and opportunity to secure counsel he could not complain.

Appeal from the Criminal District Court of Williamson. Tried below before.the Honorable James R. Hamilton.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Murray*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Williamson County of selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for two years.

Jose Martinez testified positively that he bought whisky from appellant for which he paid. Appellant did not take the witness stand or deny the statement of Martinez, but did place several witnesses on the stand by whom he attempted to show circumstantially that the said witness for the State did not tell the truth. These matters were entirely for .the jury. The record is devoid of any bills of exception except one complaining of the court's refusal of a motion for new trial. It is not necessary to reserve a bill of exceptions to the action of the trial court in this regard unless some question of fact not before the court in the trial be raised and presented in such motion. It is complained that appellant had employed an attorney living in a distant county to represent him, who advised him before the trial that he was sick and not able to attend court, and that appellant informed the trial judge of this fact but was forced to go into trial without an attorney. The record reveals the fact that when the case was called and appellant told the learned trial judge that he was without an attorney, the case was postponed for several days in order to give him an opportunity to secure counsel. The matter complained of is thus entirely met and overcome. It is not the duty of trial courts to appoint attorneys to represent those accused of crime except in capital cases.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

[Motion for rehearing denied October, 1923.  Reporter.]