MARIA MORENO v. THE STATE.

No. 13091. Delivered March 12, 1930.
Rehearing denied April 16, 1930.
Reported in 26 S. W. (2d) 652.

The opinion states the case.

*John T. Hill* of El Paso, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault, punishment being imprisonment in the county jail for sixty days.

The injured party was appellant's step-son, a little boy nine years old. Neighbors heard sounds of whipping and the little boy begging; the next morning he was observed to be chained by the foot to a bed post. This caused reports to be made to officers. An investigation by a policeman and a lady probation officer followed. Both of them examined the child and testified upon the trial. The probation officer (a lady) said: "He (the child) was blue, all his body, clear down to his feet." The police officer said, "There were bruises from his ankles to his shoulders; his back was a solid mass of bruises and several small places in his skin had been broken and were bleeding slightly." The little boy testified that when appellant whipped him she chained him by the feet and hung him up on a pole which extended across the room, with his head down and whipped him with a strap while he was thus suspended.

Appellant entered a plea of guilty and the trial judge after hearing the evidence assessed the punishment heretofore mentioned.

A motion for new trial was based on the ground, (a) that much prejudice existed against appellant by reason of misrepresentations in the newspapers and the publication of inflammatory pictures, (b) because appellant had no attorney to represent her at the trial, and (c) that appellant stood in loco parentis to the injured party and

the evidence did not authorize a finding by the court that the chastisement administered exceeded the "moderate restraint and correction given by law to the parent over the child." (See Subdivision 1, Art. 1142, P. C.)

If any prejudice existed against appellant it is not reflected in the penalty fixed by the court. The evidence would not be regarded as insufficient to support a much heavier penalty.

This was a misdemeanor case. The court was not required to furnish appellant with an attorney even had he been so requested. It is not made to appear that any such request was made or that appellant asked for time to procure counsel, or indicated that she wanted one. The attorney who presented the motion for new trial testified that he declined to go see appellant until after the trial because he was incensed by the newspaper accounts of the matter, and only went after appellant's trial at the solicitation of the boy's father, and that he—the attorney—"assumed that other lawyers felt the same way" he did about it. No proof is found that any other attorney was requested to or declined to represent appellant. Cooke v. State, 95 Tex. Cr. R. 553, 255 S. W. 187. (For other authorities see Notes Under Art. 494, C. C. P., Vernon's Ann. Cr. Statutes of Texas, Vol. 1, and Sec. 260, page 163, Branch's Ann. Tex. P. C.)

The last proposition is that the evidence shows appellant to be within the protection of Art. 1142 P. C. which provides that violence used to the person does not amount to an assault or battery if it is in the exercise of the right of moderate restraint or correction of a parent over a child. No error was committed by the learned trial judge in concluding that the facts in the present case precluded appellant from the benefit of said article.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This court can only sit in review upon matters of error either fundamental or which are properly raised upon the trial, and properly brought before us. The testimony heard by the trial court, aside from that urged as hearsay, was sufficient to justify the conclusion of guilt, and the infliction of the penalty assessed. Such being the fact, this court can pay no attention to statements in motions regarding the possible effect of the attitude of papers and of the local police toward the accused or

regarding the transaction. Stripping the case of everything save the testimony proper to be heard, the judgment is well supported. We do not think the record indicates that the accused occupied such relation to the injured party that justified or excused her for the acts deemed violative of the statute.

The motion for rehearing is overruled.

*Overruled.*