Jesse TANNER, Appellant,

v.

STATE of Texas, Appellee.

No. B14–81–782–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 29, 1983.

Rehearing Denied Feb. 9, 1984.

Petition for Discretionary Review
Refused Nov. 9, 1984.

Jan Fox, Houston, for appellant.

Eleanor Montague, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a misdemeanor conviction of perjury. Tex.Penal Code Ann. § 37.02 (Vernon 1974). The jury assessed punishment at six months confinement to be probated plus a $2,000.00 fine. The court ordered Jesse Tanner, appellant herein, to pay restitution in the amount of $1,100.00 to the complainant, Majed Nayef Al-Alkayeh. Appellant raises five grounds of error. We affirm.

On November 1, 1980 the complainant was driving his 1972 Volkswagon on the East Tex Freeway. Around 9:00 p.m. he ran out of gas near Laura Koppe Road. When he returned the next morning around 7:00 a.m. his car was gone. On November 5, the complainant reported to the Houston Police Department that his car had been stolen. Mr. Al-Alkayleh subsequently learned that on November 6 his car had been towed at the request of Houston Police to T & T Motors, appellant's business. Pursuant to the Storage Lien Statute T & T Motors sent a notification letter on November 14 to Khaled Mohid Agayleh, the complainant's cousin and registered owner of the 1972 Volkswagon. *See* Tex.Rev.Civ. Stat.Ann. art. 5504a (Vernon Supp.1982–83). The letter was sent certified mail, but was returned "unclaimed." The complainant purchased the car in 1979 for $1,100.00 from his cousin, but never transferred registration. He, therefore, had no actual notice of the lien that T & T Motors held on his car for storage charges. A public sale was held on December 16 at T & T Motors and appellant purchased the car from his business for $100.00.

In his first and second grounds of error, appellant challenges the sufficiency of the evidence to support a perjury conviction under Tex.Penal Code Ann. § 37.02 (Vernon 1974). The statute in question reads:

§ 37.02 Perjury

(a) A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning:

(1) he makes a false statement under oath or swears to the truth of a false statement previously made; and

(2) the statement is required or authorized by law to be made under oath.

(b) An offense under this section is a Class A misdemeanor.

Appellant contends the evidence is insufficient to establish that he had an "intent to deceive" and "knowledge of the state-

ment's meaning" when he signed the affidavit. We disagree.

The record reveals that Tanner filed a "questionaire affidavit" with the State Department of Highways and Public Transportation for foreclosure of the storage lien on complainant's car. Complainant's car was left for storage at T & T Motors on November 6, but the affidavit indicated said date to be October 8. J.J. Ellis, a notary public, testified that the affidavit was signed in blank by Jesse Tanner and was completed later by a secretary in Mr. Ellis' office. Appellant argues that the testimony of Mr. Ellis demonstrates his lack of "knowledge of the statement's meaning." However, it need not be proven that an accused knew the statement to be false when he swore to it. *Chavarria v. State*, 63 S.W. 312 (Tex.1901). Furthermore, a person may commit perjury if he swears to a matter, under oath, about which he has no conscious knowledge. *Butler v. State*, 429 S.W.2d 497, 502 (Tex. Crim.App.1968). Notwithstanding the law just cited, it has long been within the province of the jury to determine for themselves whether they believe a particular witness in a perjury trial. *Chavarria*, 635 S.W. at 314.

Concerning the proof on the element of "intent to deceive," the record discloses that T & T Motors was evasive when complainant inquired about his car. Complainant phoned T & T Motors three times and visited the business, in person, once. During his first phone call to T & T Motors, complainant was put on hold for fifteen minutes. During the second and third calls someone at T & T Motors hung up on complainant. When he visited the lot in person on February 4, the complainant was told that his car was not on the lot. When Detective R.E. Grebe of the Houston Police Department went to T & T Motors, Tanner said he didn't have the car because he sold it. After searching the premises, the detective discovered, to the contrary, that complainant's car was on the lot.

Viewing all of the evidence in the light most favorable to the verdict, we find probative evidence to establish the elements of perjury. Grounds of error one and two are overruled.

In his third ground of error, appellant contends that in its charge to the jury, the trial court failed to apply the law properly to the facts of the case. The Code of Criminal Procedure provides that, "[a]ll objections to the charge and to the refusal of special charges shall be made at the time of trial." Tex.Crim.Proc.Code Ann. § 36.19 (Vernon 1981). Because appellant made no objection to the court's charge, our review is limited to a fundamental error analysis. Fundamental error occurs when a defendant's rights are injured to the extent that he is denied a fair and impartial trial. *Kemner v. State*, 589 S.W.2d 403 (Tex. Crim.App.1979). Here, the court's charge was not a mere recitation of abstract legal principles; it applied the law to the facts of the case. The particular circumstances under which appellant could have committed perjury were enumerated in the charge. The jurors were not required "to put together pieces of a jigsaw puzzle to determine which elements must be proved in order to find that the defendant committed the offense...." *Doyle v. State*, 631 S.W.2d 732, 737 (Tex.Crim.App.1982). The court's charge was proper and adequately protected appellant's rights. Appellant's third ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court committed fundamental error by permitting the prosecutor to make certain comments during voir dire and final argument. The prosecutor's remarks were not so obviously prejudicial that their harmful effect could not have been cured by an instruction. Appellant waived any error by failing to object or request an instruction. *Hasek v. State*, 384 S.W.2d 722 (Tex.Crim.App.1964); *Phillips v. State*, 511 S.W.2d 22 (Tex.Crim.App. 1974). The fourth ground of error is overruled.

In his fifth ground of error, appellant claims that the trial court abused its discretion in ordering restitution. Absent

an abuse of discretion the award of restitution will not be reversed. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App. 1980). Furthermore, there must be an evidentiary basis to support the award of restitution. *Thompson v. State*, 557 S.W.2d 521 (Tex.Crim.App.1977).

We find sufficient evidence to support the trial court's order of restitution. The record reveals that the complainant purchased the 1972 Volkswagon in 1979 for $1,100.00, that he was denied the use of his car beginning in November of 1980, that Tanner purchased the car in a public sale from his own business, and that no compensation had yet been rendered to complainant by Tanner. The fifth ground of error is overruled.

The judgment of the trial court is affirmed.