Affirmed and Memorandum Opinion filed April 17, 2007








Affirmed and Memorandum Opinion filed April 17, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00469-CR

___________

 

LUIS JAIME TORRES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 1033562

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Luis Jaime Torres, was indicted on the charge of
aggravated assault.  Due to a prior felony conviction for aggravated robbery,
the charge was enhanced.  Appellant entered a plea of guilty without an
agreement on recommended punishment.  The trial court sentenced appellant to
confinement for fifty years.  We affirm.  








Factual and Procedural Background

On July 10, 2005, appellant visited the home of Mary Ann
Roman, a 25-year-old woman who lived with her mother.  Appellant had visited
the home in the past and his demeanor had normally been calm and quiet, but on
that day both Mary Ann and her mother described appellant=s behavior as
abnormal and erratic.  Appellant managed to lock himself inside the home alone
with Mary Ann and proceeded to assault her.  Mary Ann sustained serious injury,
including severe damage to the right eye, a shredded right ear, a dislocated
right elbow, a fractured right wrist, fractures to both sides of her jaw and
bleeding to the brain.  Further, she had a fork stab wound to the neck and the
paramedics found the prongs of the fork embedded in her skin.  Mary Ann has
undergone nine surgeries, amassing over $50,000 in medical expenses, and she
faces additional procedures. 

Appellant pleaded guilty to the indictment of second degree
felony aggravated assault, enhanced with a prior felony.  The trial court reset
the case for sentencing following the preparation and return of a presentence
investigation report (PSI).  During the sentencing hearing, the trial court
indicated that the PSI had been prepared and that the court had reviewed the
document.  At the conclusion of the hearing, the court entered a formal finding
of guilt, found the enhancement valid, and sentenced appellant to a fifty-year
prison sentence.  This appeal followed.  

Issues
on Appeal








In his first and second issues, appellant contends that the
conviction is void because the trial judge reviewed the PSI before finding
appellant guilty, violating his federal and state constitutional rights to due
process of law and due course of law.  U.S.
Const. amend. V, XIV, ' 1; Tex.
Const. art. I, ' 19.  Because the Texas Constitution and
the U.S. Constitution offer appellant the same level of protection, we will
address the first and second points of error jointly.  See Jimenez v.
State, 32 S.W.3d 233, 242 (Tex. Crim. App. 2000) (McCormick, P.J.,
concurring) (recognizing that A[t]he term >due process of law= in the Fifth and
Fourteenth Amendments to the federal constitution and the term >due course of law= in our state
constitution mean the same thing@).

In his third and fourth issues, appellant contends that the
fifty-year sentence  was not proportional to the offense committed, violating
his federal and state constitutional rights against cruel and unusual
punishment.  U.S. Const. amend.
VIII; Tex. Const. art. I, ' 13.  Again,
because the Texas Constitution and the federal constitution offer appellant the
same level of protection, we will address the third and fourth points of error
jointly.  Cantu v. State, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997)
(finding Ano significance in the difference between the Eighth
Amendment's >cruel and unusual= phrasing and the >cruel or unusual= phrasing of Art.
I, Sec. 13 of the Texas Constitution@).

Examining the PSI Report

I.        Appellant
Did Not Preserve Error

In his first and second points of error, appellant contends
that the trial court violated his right to due process of law when the judge
reviewed the PSI before entering a formal guilty verdict.  To preserve a
complaint for appellate review, a party must have presented to the trial court
a timely request, objection, or motion stating the specific grounds for the
desired ruling.  Tex. R. App. P. 33.1(a). 
Appellant concedes in his brief that he never raised this objection in the
trial court and therefore, he did not preserve error.  He relies, instead, on a
narrow exception to the requirement of preserving error, that fundamental
errors cannot be waived.  See Tex.
R. Evid. 103(d) (stating that nothing in the rules of evidence Aprecludes taking
notice of fundamental errors affecting substantial rights although they were
not brought to the attention of the court@); Moreno v.
State, 26 S.W.2d 652, 653 (Tex. Crim. App. 1930) (on reh=g) (holding that
absent fundamental error, the appellate court may only reverse on grounds
properly raised to the trial court).  








II.       This Case is
Distinguishable From
McDonald

Appellant contends that the error in this case is
fundamental and thus did not require an objection at the trial court level.  To
support this proposition, he cites State ex rel. Turner v. McDonald, 676
S.W.2d 375 (Tex. Crim. App. 1984) and State ex rel. Bryan v. McDonald,
662 S.W.2d 5 (Tex. Crim. App. 1983) (hereafter Athe McDonald
cases@).  In the McDonald
cases, the Texas Court of Criminal Appeals held that the trial court=s inspection of
the PSI prior to a determination of guilt violates state and federal rights to
due process.  Turner, 676 S.W.2d at 379; Bryan, 662 S.W.2d at 8. 
Appellant admits that the Texas Court of Criminal Appeals never explicitly held
in the McDonald cases that the trial court=s procedure
constituted fundamental error.  However, appellant argues that the Court
implicitly ruled in those cases based on finding fundamental error.  

We do not find the McDonald cases controlling.  In
the McDonald cases, the trial judge viewed the PSI before determining
the defendant=s guilt or innocence.  Turner, 676 S.W.2d at
379; Bryan, 662 S.W.2d at 7.  The Court of Criminal Appeals was
concerned about due process violations when a judge considers A[w]holesale
evidence, almost always of a hearsay nature, not sworn to and not subject to
the rigors of cross-examination . . . before a plea is even entered.@  Bryan,
662 S.W.2d at 7 (emphasis added).








That did not happen here.  This trial judge reviewed the
report after appellant pleaded guilty, signed a judicial confession, and
stipulated to the evidence of his guilt.  As a result, the judge could not have
used the PSI to influence a decision on guilt, but only to influence his
punishment decision.  Thus, appellant=s constitutional
rights were not violated.  Baldridge v. State, 77 S.W.3d 890, 892 (Tex.
App.CHouston [14th
Dist.] 2002, pet. ref=d); see also Wissinger v. State,
702 S.W.2d 261, 263 (Tex. App.CHouston [1st Dist.] 1985, pet. ref=d) (holding that
when the judge considers the presentencing report after the defendant pleads no
contest, signs a judicial confession, and stipulates to the evidence, Athe report could
not have influenced the judge except in deciding the appropriate punishment@); Mitchell v.
State, Nos. 14-02-00896-CR, 14-02-00897-CR, 2003 WL 22349093, at *1 (Tex.
App.CHouston [14th
Dist.] Oct. 16, 2003, pet. ref=d) (not designated for publication)
(same).  Further, the Texas Code of Criminal Procedure permits a judge to
inspect a PSI report once Athe defendant pleads guilty or nolo
contendere or is convicted of the offense.@  Tex. Code Crim. Proc. art. 42.12 ' 9(c). 
Consequently, the judge likewise did not violate any of the appellant=s state statutory
rights.  

Because the defendant failed to object to the trial court=s review of his
PSI and the trial court did not commit a fundamental error, we overrule
appellant=s first two points of error. 

Constitutionality
of Appellant=s Fifty-Year Sentence 

I.        Appellant Did Not
Preserve Error

In his third and fourth points of error, appellant contends
the trial court committed reversible error in assessing his punishment at fifty
years, violating his state and federal constitutional rights against cruel and
unusual punishment.  U.S. Const.
amend. VIII, XIV; Tex. Const.
art. I, ' 13.  As discussed
above, nearly every right, constitutional and statutory, may be waived when a
defendant fails to object.  Smith v. State, 721 S.W.2d 844, 855 (Tex.
Crim. App. 1986).  In that regard, an appellant may waive his right to
assert error pertaining to his sentence.  Mercado v. State, 718 S.W.2d
291, 296 (Tex. Crim. App. 1986); Schneider v. State, 645 S.W.2d 463, 466
(Tex. Crim. App. 1983) (noting that appellant failed to raise the issue of
cruel and unusual punishment to the trial court and consequently did not
preserve error for review); Holley v. State, 167 S.W.3d 546, 549 (Tex.
App.CHouston [14th
Dist.] 2005, pet. ref=d) (same).  As with his first and second
points of issues, appellant did not timely object to the sentence.  Thus,
appellant failed to preserve his third and fourth points of error for appellate
review and we therefore overrule them.  








Conclusion

Having overruled each of appellant=s four issues on
appeal, we affirm the judgment of the trial court. 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 17, 2007.

Panel
consists of Chief Justice Hedges and Justices Fowler and Edelman.

Do Not
Publish C TEX. R. APP. P
47.2(b).