# NO. 12-08-00331-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TYLER ADAMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### MEMORANDUM OPINION

Tyler Adams appeals the trial court's revocation of his deferred adjudication community supervision and adjudication of his guilt. In two issues, Appellant argues that the trial court's order granting deferred adjudication community supervision is void, and that the trial court abused its discretion by revoking his deferred adjudication community supervision. We affirm.

### BACKGROUND

Appellant was charged by indictment with evading arrest. Appellant pleaded not guilty and, after a bench trial, was placed on deferred adjudication community supervision ("community supervision"). The State filed a motion to adjudicate, alleging that Appellant had violated the terms of his community supervision. Appellant pleaded that the State's allegations were not true. After a hearing, the trial court found four of the State's allegations to be true, revoked Appellant's community supervision, found him guilty of evading arrest, and assessed his punishment at imprisonment for five years. Appellant subsequently filed a notice of appeal.

### EVIDENCE OF GUILT

1

In his first issue, Appellant asserts that the trial court's community supervision order is void "because the record reflects that there is no evidence to support a conviction [for evading arrest]."

## Standard of Review

A defendant placed on deferred adjudication community supervision may not raise issues relating to the trial court's deferred adjudication community supervision order in appeals filed after his community supervision is revoked. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Instead, a defendant must raise issues relating to the community supervision order in an appeal taken when community supervision is originally imposed. *Id.* The court of criminal appeals has recognized two exceptions to this rule: the "void judgment" exception and the "habeas corpus" exception. *Jordan v. State*, 54 S.W.3d 783, 785-86 (Tex. Crim. App. 2001). Because the habeas corpus exception applies only to habeas corpus proceedings, we need consider only the void judgment exception here. *See id.* (limiting the habeas corpus exception to habeas corpus proceedings).

"The void judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question." *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). A void judgment is a "nullity" and can be attacked at any time. *Id.* at 667-68. If the trial court's order imposing community supervision was void, then the trial court would have no authority to revoke community supervision, since, with no order imposing community supervision (because it is a nullity), there is nothing to revoke. *Id.* at 668. On appeal from a revocation proceeding, a defendant can raise an error in prior proceedings if the error would render the community supervision order void. *Id.*

"[A] judgment is void only in very rare situations - usually due to a lack of jurisdiction." *Id.* A community supervision order is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, (2) the trial court lacks subject matter jurisdiction over the offense charged, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel,

when the right to appointed counsel has not been waived.  *Id.*  "While we hesitate to call this an exclusive list, it is very nearly so."  *Id.*

Moreover, for a community supervision order to be void, "the record must leave no question about the existence of the fundamental defect."  *Id.*  If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the order is not void, even though the available portions of the record tend to support the existence of the defect.  *Id.* at 668-69.  "For example, when a defendant levels a 'no evidence' challenge against the [order], but the record contains no court reporter's transcription of the original plea hearing, then the [order] is not void, even though the record - as far as it goes - tends to support the no evidence claim."  *Id.* at 669.  "Without the transcription, we are unable to ascertain whether other evidence was introduced to support the [order]."  *Id.*

## Discussion

Appellant alleges that he pleaded not guilty to the underlying offense of evading arrest. Therefore, he asserts that the State was required to present the trial court with some evidence that he committed the offense before the trial court could place him on community supervision or subsequently adjudicate his case.

The record contains no reporter's record from the original proceedings resulting in Appellant's being placed on community supervision.  However, the docket sheet reflects that the trial court placed Appellant on community supervision after a bench trial, and that evidence was presented to the trial court at that trial.  Specifically, the docket sheet reflects that the State presented testimony from three police witnesses and Appellant's "common Law" wife, Latricia Ballard, and admitted a video recording into evidence.  As we explained above, where the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the order is not void. *Id.* at 668-69.  In light of the record before us, we cannot hold that either the trial court's community supervision order or its final judgment is void.  *See id.* We overrule Appellant's first issue.

### EVIDENCE OF COMMUNITY SUPERVISION VIOLATION

In his second issue, Appellant argues that the trial court lacked discretion to revoke his community supervision because the State failed to present evidence that Appellant violated his supervision conditions.

**Standard of Review**

Appellate review of an order revoking community supervision is limited to abuse of the trial court's discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Where the sufficiency of the evidence supporting a trial court's decision to revoke community supervision is challenged, a trial court does not abuse its discretion if the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his supervision. *Id.* at 763-64. In cases where the trial court revokes community supervision based upon findings that a defendant violated more than one condition of supervision, the revocation does not constitute an abuse of discretion where any single finding of a violation is held to be valid. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address [the] appellant's other contentions since one sufficient ground for revocation will support the [trial] court's order to revoke probation."); *Balli v. State*, 530 S.W.2d 123, 126 (Tex. Crim. App. 1975) ("There being a valid ground to justify revocation, we need not consider [the] appellant's other contention that the evidence showed only a single use of alcohol and did not reflect an injurious or vicious habit in violation of probation.").

**Discussion**

According to the State's motion, Appellant "violated the rules of his community supervision by intentionally or knowingly . . . [f]ailing to avoid injurious or vicious habits by using and possessing <u>ALCOHOL</u> on or about <u>MAY 10, 2008 AND MAY 26, 2008</u> . . . ." At trial, the State again presented testimony from Ballard. Ballard testified that, on May 26, 2008, she was engaged in a heated argument with Appellant at their residence. Concerned, one of her children called the police. Ballard admitted that, when the police arrived, she falsely claimed that Appellant had physically assaulted her. She stated that she did so out of anger resulting from their argument. The police subsequently arrested Appellant.

Ballard was asked about Appellant's alcohol consumption. Her responses were often evasive, and she generally denied any knowledge of Appellant's alcohol consumption. However, Ballard did admit that, on May 26, 2008, Appellant had been "consuming alcohol." This testimony was complemented by the testimony of Appellant's supervision officer, Wesley Skidmore. Skidmore testified that, according to "police reports that [he] received, [Appellant] was using alcohol [while on community supervision] . . . ." Appellant also testified at trial. He repetitively denied consuming alcohol during his community supervision.

4

In light of the record before us, we hold that the trial court's finding regarding Appellant's alcohol possession and consumption was supported by sufficient evidence. The testimony of Ballard and Skidmore provided sufficient evidence to support a finding of true to the State's allegation. *See Rickels*, 202 S.W.3d at 763-64 (trial court does not abuse discretion if greater weight of credible evidence creates reasonable belief that defendant violated supervision condition). This is true despite Appellant's contrary testimony. Appellant's possession of alcohol could reasonably be inferred from his consumption of alcohol. *See id.* at 764 ("[A] legal sufficiency review is meant to give 'full play to the [factfinder's] responsibility fairly' to 'draw reasonable inferences from basic facts to ultimate facts.'"). And the alleged intent could also be reasonably inferred from the evidence before the trial court. *Cf. Laster v. State*, 275 S.W.3d 512, 522 (Tex. Crim. App. 2009) (allowing jury to make inference of intent).

A trial court's decision to revoke does not constitute an abuse of its discretion where any single finding of a supervision violation is held to be valid. *See Moore*, 605 S.W.2d at 926; *Balli*, 530 S.W.2d at 126. Here, Appellant's only challenge to the trial court's alcohol finding is that the finding was based upon insufficient evidence. We have held that sufficient evidence exists to support that finding. Therefore, we also hold that the trial court did not abuse its discretion in revoking Appellant's community supervision. *See Moore*, 605 S.W.2d at 926; *Balli*, 530 S.W.2d at 126. We overrule Appellant's second issue.[1]

## UNASSIGNED ERROR

We note that Appellant was placed on deferred adjudication community supervision despite pleading not guilty. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009) (allowing deferred adjudication community supervision where defendant pleads guilty or no contest); *Isham v. State*, 258 S.W.3d 244, 251-53 (Tex. App.–Eastland 2008, pet. ref'd) (defendant found guilty by jury not eligible for deferred adjudication community supervision). However, Appellant has not raised this irregularity as an issue on appeal. Texas Rule of Appellate Procedure 38.1(f) provides that "the statement of an issue or point [presented for review] will be treated as covering every subsidiary question that is fairly included." TEX. R. APP. P. 38.1(f); *see State v. Bailey*, 201 S.W.3d 739, 743 (Tex. Crim. App. 2006). Rule 38.9

---

[1] Because one supervision violation is sufficient, we have not considered the trial court's findings of other supervision violations. *See* TEX. R. APP. P. 47.1.

5

instructs that the briefing rules are to be construed liberally, allowing the appellate court to "require additional briefing, and make any other order necessary for a satisfactory submission of the case" if it "determines . . . that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs." TEX. R. APP. P. 38.9(b); *see Bailey*, 201 S.W.3d at 743-44. Neither of these rules authorize a court of appeals to reverse a trial court on an issue that was not raised by the appellant. *See Bailey*, 201 S.W.3d at 743-44. Instead, such an act is an abuse of discretion by the court of appeals. *See id.* Further, while courts of appeal may have the discretion to review unassigned error, *see Carter v. State*, 656 S.W.2d 468, 468-70 (Tex. Crim. App. 1983), appellate courts "can only sit in review upon matters of error either fundamental or which are properly raised upon the trial, and properly brought before [the appellate court]." *See Moreno v. State*, 114 Tex. Crim. 559, 561, 26 S.W.2d 652, 653 (1930) (op. on reh'g); *see also Carter*, 656 S.W.2d at 469 n.4. (quoting *Moreno*). "Fundamental error occurs when a defendant's rights are injured to the extent that he is denied a fair and impartial trial." *See Tanner v. State*, 681 S.W.2d 626, 628 (Tex. App.–Houston [14th Dist.] 1983, pet. ref'd). Therefore, even if the trial court was prohibited from granting deferred adjudication community supervision, doing so would not constitute fundamental error. *Cf. Davis v. State*, 956 S.W.2d 555, 557-59 (Tex. Crim. App. 1997) (distinguishing between a trial court's jurisdiction and authority in the context of void and voidable judgments); *Jackson v. State*, No. 05-09-00650-CR, 2010 WL 297945, at *1-2 (Tex. App.–Dallas Jan. 27, 2010, no pet.) (not designated for publication) (Because deferred adjudication community supervision is not a sentence, "the unauthorized term of deferred adjudication community supervision assessed in this case is not an illegal or void sentence subject to the *Nix* exception.").

## DISPOSITION

We *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice


Opinion delivered May 19, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)