NO. 12-08-00331-CR

IN THE
COURT OF APPEALS 

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

 

TYLER ADAMS,                                           §                      APPEAL
FROM THE 217TH

APPELLANT

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                   §                      ANGELINA
COUNTY, TEXAS







MEMORANDUM OPINION

            Tyler Adams appeals the
trial court’s revocation of his deferred adjudication community supervision and
adjudication of his guilt.  In two issues, Appellant argues that the trial
court’s order granting deferred adjudication community supervision is void, and
that the trial court abused its discretion by revoking his deferred
adjudication community supervision.  We affirm.

 

Background

            Appellant was charged
by indictment with evading arrest.  Appellant pleaded not guilty and, after a
bench trial, was placed on deferred adjudication community supervision
(“community supervision”).  The State filed a motion to adjudicate, alleging
that Appellant had violated the terms of his community supervision.  Appellant
pleaded that the State’s allegations were not true.  After a hearing, the trial
court found four of the State’s allegations to be true, revoked Appellant’s community
supervision, found him guilty of evading arrest, and assessed his punishment at
imprisonment for five years.  Appellant subsequently filed a notice of appeal.

 

Evidence of Guilt

            In his first issue,
Appellant asserts that the trial court’s community supervision order is void
“because the record reflects that there is no evidence to support a conviction
[for evading arrest].”

 

Standard of Review

            A defendant placed on deferred
adjudication community supervision may not raise issues relating to the trial
court’s deferred adjudication community supervision order in appeals filed
after his community supervision is revoked.  Manuel v. State, 994
S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  Instead, a defendant must raise
issues relating to the community supervision order in an appeal taken when community
supervision is originally imposed.  Id.  The court of criminal appeals
has recognized two exceptions to this rule:  the “void judgment” exception and
the “habeas corpus” exception.  Jordan v. State, 54 S.W.3d 783,
785-86 (Tex. Crim. App. 2001).  Because the habeas corpus exception applies only
to habeas corpus proceedings, we need consider only the void judgment exception
here.  See id. (limiting the habeas corpus exception to habeas
corpus proceedings).

            “The void judgment
exception recognizes that there are some rare situations in which a trial court’s
judgment is accorded no respect due to a complete lack of power to render the
judgment in question.”  Nix v. State, 65 S.W.3d 664, 667 (Tex.
Crim. App. 2001).  A void judgment is a “nullity” and can be attacked at any
time.  Id. at 667-68.  If the trial court’s order imposing community
supervision was void, then the trial court would have no authority to revoke community
supervision, since, with no order imposing community supervision (because it is
a nullity), there is nothing to revoke.  Id. at 668.  On appeal
from a revocation proceeding, a defendant can raise an error in prior
proceedings if the error would render the community supervision order void.  Id.

            “[A] judgment is void
only in very rare situations - usually due to a lack of jurisdiction.” Id. 
A community supervision order is void when (1) the document purporting to be a
charging instrument (i.e. indictment, information, or complaint) does not
satisfy the constitutional requisites of a charging instrument, (2) the trial
court lacks subject matter jurisdiction over the offense charged, (3) the
record reflects that there is no evidence to support the conviction, or (4) an
indigent defendant is required to face criminal trial proceedings without
appointed counsel, when the right to appointed counsel has not been waived.  Id. 
“While we hesitate to call this an exclusive list, it is very nearly so.”  Id.

            Moreover, for a community
supervision order to be void, “the record must leave no question about the
existence of the fundamental defect.”  Id.  If the record is
incomplete, and the missing portion could conceivably show that the defect does
not in fact exist, then the order is not void, even though the available
portions of the record tend to support the existence of the defect.  Id. at
668-69.  “For example, when a defendant levels a ‘no evidence’ challenge
against the [order], but the record contains no court reporter’s transcription
of the original plea hearing, then the [order] is not void, even though the
record - as far as it goes - tends to support the no evidence claim.”  Id.
at 669.  “Without the transcription, we are unable to ascertain whether
other evidence was introduced to support the [order].”  Id.

Discussion

            Appellant alleges that
he pleaded not guilty to the underlying offense of evading arrest.  Therefore,
he asserts that the State was required to present the trial court with some
evidence that he committed the offense before the trial court could place him
on community supervision or subsequently adjudicate his case.  

            The record contains no
reporter’s record from the original proceedings resulting in Appellant’s being
placed on community supervision.  However, the docket sheet reflects that the
trial court placed Appellant on community supervision after a bench trial, and that
evidence was presented to the trial court at that trial.  Specifically, the
docket sheet reflects that the State presented testimony from three police witnesses
and Appellant’s “common Law” wife, Latricia Ballard, and admitted a video
recording into evidence.  As we explained above, where the record is
incomplete, and the missing portion could conceivably show that the defect does
not in fact exist, then the order is not void. Id. at 668-69.  In
light of the record before us, we cannot hold that either the trial court’s community
supervision order or its final judgment is void.  See id.  We
overrule Appellant’s first issue.

 

Evidence of Community Supervision Violation

            In his second issue,
Appellant argues that the trial court lacked discretion to revoke his community
supervision because the State failed to present evidence that Appellant
violated his supervision conditions.

Standard of Review

            Appellate review of an
order revoking community supervision is limited to abuse of the trial court’s
discretion.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App.
2006).  Where the sufficiency of the evidence supporting a trial court’s
decision to revoke community supervision is challenged, a trial court does not abuse
its discretion if the greater weight of credible evidence creates a reasonable
belief that the defendant violated a condition of his supervision.  Id. at
763-64.  In cases where the trial court revokes community supervision based
upon findings that a defendant violated more than one condition of supervision,
the revocation does not constitute an abuse of discretion where any single
finding of a violation is held to be valid.  See Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (“We need not address [the]
appellant’s other contentions since one sufficient ground for revocation will
support the [trial] court’s order to revoke probation.”); Balli v. State,
530 S.W.2d 123, 126 (Tex. Crim. App. 1975) (“There being a valid ground to
justify revocation, we need not consider [the] appellant’s other contention
that the evidence showed only a single use of alcohol and did not reflect an
injurious or vicious habit in violation of probation.”).  

Discussion

            According to the State’s
motion, Appellant “violated the rules of his community supervision by
intentionally or knowingly . . . [f]ailing to avoid injurious or vicious habits
by using and possessing ALCOHOL on or about MAY 10, 2008 AND MAY 26,
2008 . . . .”  At trial, the State again presented testimony from Ballard. 
Ballard testified that, on May 26, 2008, she was engaged in a heated argument
with Appellant at their residence.  Concerned, one of her children called the
police.  Ballard admitted that, when the police arrived, she falsely claimed
that Appellant had physically assaulted her.  She stated that she did so out of
anger resulting from their argument.  The police subsequently arrested
Appellant.

            Ballard was asked about
Appellant’s alcohol consumption.  Her responses were often evasive, and she
generally denied any knowledge of Appellant’s alcohol consumption.  However,
Ballard did admit that, on May 26, 2008, Appellant had been “consuming
alcohol.”  This testimony was complemented by the testimony of Appellant’s supervision
officer, Wesley Skidmore.  Skidmore testified that, according to “police
reports that [he] received, [Appellant] was using alcohol [while on community
supervision] . . . .”  Appellant also testified at trial.  He repetitively
denied consuming alcohol during his community supervision. 

            In light of the record
before us, we hold that the trial court’s finding regarding Appellant’s alcohol
possession and consumption was supported by sufficient evidence.  The testimony
of Ballard and Skidmore provided sufficient evidence to support a finding of
true to the State’s allegation.  See Rickels, 202 S.W.3d at 763-64
(trial court does not abuse discretion if greater weight of credible evidence
creates reasonable belief that defendant violated supervision condition).  This
is true despite Appellant’s contrary testimony.  Appellant’s possession of
alcohol could reasonably be inferred from his consumption of alcohol.  See
id. at 764 (“[A] legal sufficiency review is meant to give ‘full
play to the [factfinder’s] responsibility fairly’ to ‘draw reasonable
inferences from basic facts to ultimate facts.’”).  And the alleged intent
could also be reasonably inferred from the evidence before the trial court.  Cf.
Laster v. State, 275 S.W.3d 512, 522 (Tex. Crim. App. 2009)
(allowing jury to make inference of intent).

            A trial court’s
decision to revoke does not constitute an abuse of its discretion where any
single finding of a supervision violation is held to be valid.  See Moore,
605 S.W.2d at 926; Balli, 530 S.W.2d at 126.  Here, Appellant’s
only challenge to the trial court’s alcohol finding is that the finding was
based upon insufficient evidence.  We have held that sufficient evidence exists
to support that finding.  Therefore, we also hold that the trial court did not
abuse its discretion in revoking Appellant’s community supervision.  See Moore,
605 S.W.2d at 926; Balli, 530 S.W.2d at 126.  We overrule
Appellant’s second issue.[1]

 

Unassigned Error

            We note that Appellant
was placed on deferred adjudication community supervision despite pleading not
guilty.  Cf. Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2009) (allowing deferred
adjudication community supervision where defendant pleads guilty or no
contest); Isham v. State, 258 S.W.3d 244, 251-53 (Tex. App.–Eastland
2008, pet. ref’d) (defendant found guilty by jury not eligible for deferred
adjudication community supervision).  However, Appellant has not raised this
irregularity as an issue on appeal.  Texas Rule of Appellate Procedure 38.1(f)
provides that “the statement of an issue or point [presented for review] will
be treated as covering every subsidiary question that is fairly included.”  Tex. R. App. P. 38.1(f); see State
v. Bailey, 201 S.W.3d 739, 743 (Tex. Crim. App. 2006).  Rule 38.9
instructs that the briefing rules are to be construed liberally, allowing the
appellate court to “require additional briefing, and make any other order
necessary for a satisfactory submission of the case” if it “determines . . .
that the case has not been properly presented in the briefs, or that the law
and authorities have not been properly cited in the briefs.”  Tex. R. App. P. 38.9(b); see Bailey,
201 S.W.3d at 743-44.  Neither of these rules authorize a court of appeals to
reverse a trial court on an issue that was not raised by the appellant.  See
Bailey, 201 S.W.3d at 743-44.  Instead, such an act is an abuse
of discretion by the court of appeals.  See id.  Further,
while courts of appeal may have the discretion to review unassigned error, see
Carter v. State, 656 S.W.2d 468, 468-70 (Tex. Crim. App. 1983),
appellate courts “can only sit in review upon matters of error either
fundamental or which are properly raised upon the trial, and properly brought
before [the appellate court].”  See Moreno v. State, 114
Tex. Crim. 559, 561, 26 S.W.2d 652, 653 (1930) (op. on reh’g); see also Carter,
656 S.W.2d at 469 n.4. (quoting Moreno).  “Fundamental error
occurs when a defendant’s rights are injured to the extent that he is denied a
fair and impartial trial.”  See Tanner v. State, 681
S.W.2d 626, 628 (Tex. App.–Houston [14th Dist.] 1983, pet. ref’d).  Therefore,
even if the trial court was prohibited from granting deferred adjudication community
supervision, doing so would not constitute fundamental error.  Cf. Davis
v. State, 956 S.W.2d 555, 557-59 (Tex. Crim. App. 1997) (distinguishing
between a trial court’s jurisdiction and authority in the context of void and
voidable judgments); Jackson v. State, No. 05-09-00650-CR, 2010
WL 297945, at *1-2 (Tex. App.–Dallas Jan. 27, 2010, no pet.) (not designated
for publication) (Because deferred adjudication community supervision is not a
sentence, “the unauthorized term of deferred adjudication community supervision
assessed in this case is not an illegal or void sentence subject to the Nix
exception.”).

 

Disposition

            We affirm the judgment of the
trial court. 

                                                                                                Sam Griffith

                                                                                                         
Justice

 

 

Opinion delivered May 19, 2010.

Panel
consisted of Worthen, C.J.,  Griffith, J., and Hoyle, J.

 

(DO
NOT PUBLISH)









                [1]
Because one supervision violation is sufficient, we have not considered the
trial court’s findings of other supervision violations.  See Tex. R. App. P. 47.1.