# NO. 12-09-00167-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL DWAYNE COCHRAN,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Dwayne Cochran appeals his conviction for sexual assault. In one issue, Appellant asserts that he was denied due process because the trial court was unable to consider the full range of punishment. We affirm.

### BACKGROUND

Appellant was charged with the offense of sexual assault. Appellant pleaded guilty. After a sentencing hearing, the trial court assessed Appellant's punishment at eighteen years of imprisonment. This appeal followed.

### SENTENCE

In his sole issue, Appellant asserts that he "was denied his due process right to a neutral sentencing authority capable of considering the entire range of punishment . . . ." He asserts that the trial court's comments reflect such an inability.

### Discussion

A trial court denies a defendant due process when it arbitrarily refuses to consider the entire range of punishment for an offense. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). However, an appellant must comply with Texas Rule of Appellate Procedure 33.1 in order to properly preserve such an error for review. *Washington v. State*, 71 S.W.3d 498, 499-500 (Tex. App.—Tyler 2002, no pet.). Rule 33.1 states, in pertinent part, as follows:

As a prerequisite to presenting a complaint for appellate review, the record must show that:

    (1)  the complaint was made to the trial court by a timely request, objection, or motion that:

        (A)  stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

        (B)  complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

    (2)  the trial court:

        (A)  ruled on the request, objection, or motion, either expressly or implicitly; or

        (B)  refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).

We have reviewed the record and have found no request, objection, or motion raising the complaint now brought on appeal. Therefore, this matter is not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *Washington*, 71 S.W.3d at 499-500. We overrule Appellant's sole issue.

### UNASSIGNED ERROR

This court previously ordered additional briefing by the parties on an issue of unassigned error. The indictment in question states that the grand jury was "organized as such at the JULY/SEPTEMBER Term A.D. 2003 of the 159TH Judicial District Court" of Angelina County, Texas. That court has no "JULY/SEPTEMBER Term." *See* TEX. GOV'T CODE ANN. § 24.302 (Vernon 2004). Further, any such term would have expired before the alleged crime was committed and before the grand jury handed down its indictment. *See* TEX. GOV'T CODE ANN. § 24.012 (Vernon 2004). Therefore, we requested that the parties address whether it is possible from the appellate record to conclude that the individuals who rendered this indictment were still members of a grand jury. *See* **Webb v. State**, 161 Tex. Crim. 442, 444-45, 278 S.W.2d 158, 159-60 (1955).

2

We also requested that the parties address whether an error of this type must be preserved for appellate review.

After considering the briefs of both parties, we hold that an error in the designation of the grand jury's term is an error of form. *See Caraway v. State*, No. 10-04-00364-CR, 2005 WL 3005669, at *1 (Tex. App.—Waco Nov. 9, 2005, no pet.) (mem. op., not designated for publication); *Ragston v. State*, No. 01-99-01091-CR, 2000 WL 1434246, at *1 (Tex. App.—Houston [1st Dist.] Sept. 28, 2000, no pet.) (not designated for publication). "If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding." TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005). Therefore, this error is of the type that may be forfeited by inaction. *See Mendez v. State*, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (describing forfeitable rights); *see also Caraway*, 2005 WL 3005669, at *1; *Ragston*, 2000 WL 1434246, at *1.

Although courts of appeals may have the discretion to review unassigned error, *see Carter v. State*, 656 S.W.2d 468, 468-70 (Tex. Crim. App. 1983), they "can only sit in review upon matters of error either fundamental or which are properly raised upon the trial, and properly brought before [the appellate court]." *See Moreno v. State*, 114 Tex. Crim. 559, 561, 26 S.W.2d 652, 653 (1930) (op. on reh'g); *see also Carter*, 656 S.W.2d at 469 n. 4 (quoting *Moreno*). "Fundamental error occurs when a defendant's rights are injured to the extent that he is denied a fair and impartial trial." *See Tanner v. State*, 681 S.W.2d 626, 628 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). In light of *Mendez*, we hold that, here, the issue does not involve fundamental error. *See Mendez*, 138 S.W.3d at 341 (questions of error preservation now considered under framework of systemic requirements, waivable rights, and forfeitable rights). Therefore, we may not review this unpreserved issue.

We note that the State, in response to our additional briefing order, supplemented the record with evidence indicating that the correct grand jury term should have been stated as the "April - June 2004 TERM." However, we note that the 159th District Court has no "April - June Term." *See* TEX. GOV'T CODE ANN. § 24.302. But the months of April and June both fall within the trial court's January Term. *See id.* Therefore, it is

3

possible to conclude that the trial court simply chose for the grand jury's term to be of shorter length than the trial court's actual term. Further, this possible defect, misnaming the term of the grand jury, based upon our prior reasoning, would also involve a forfeitable right requiring preservation for review. *Cf. Caraway*, 2005 WL 3005669, at *1; *Ragston*, 2000 WL 1434246, at *1.

## DISPOSITION

We *affirm* the judgment of the trial court.

                                              **SAM GRIFFITH**
                                                      Justice

Opinion delivered August 31, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4