NO









NO. 12-09-00167-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

MICHAEL DWAYNE COCHRAN,

APPELLANT                                                     '     APPEAL
FROM THE 159TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     ANGELINA
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Michael
Dwayne Cochran appeals his conviction for sexual assault.  In one issue,
Appellant asserts that he was denied due process because the trial court was
unable to consider the full range of punishment.  We affirm.

 

Background

            Appellant
was charged with the offense of sexual assault.  Appellant pleaded guilty. 
After a sentencing hearing, the trial court assessed Appellant’s punishment at
eighteen years of imprisonment.  This appeal followed.

 

Sentence

            In
his sole issue, Appellant asserts that he “was denied his due process right to
a neutral sentencing authority capable of considering the entire range of
punishment . . . .”  He asserts that the trial court’s comments reflect such an
inability.

Discussion

            A
trial court denies a defendant due process when it arbitrarily refuses to
consider the entire range of punishment for an offense.  McClenan v.
State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983).  However, an
appellant must comply with Texas Rule of Appellate Procedure 33.1 in order to
properly preserve such an error for review. Washington v. State,
71 S.W.3d 498, 499-500 (Tex. App.—Tyler 2002, no pet.).  Rule 33.1 states, in
pertinent part, as follows:

 

As a prerequisite to presenting a complaint for
appellate review, the record must show that:

 

(1)    
the complaint was made to the
trial court by a timely request, objection, or motion that:

 

 

(A)   
stated the grounds for the ruling
that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context; and

 

(B)   
complied with the requirements of
the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or
Appellate Procedure; and

 

                (2)
 the trial court:

 

(A)   
ruled on the request, objection,
or motion, either expressly or implicitly; or

 

(B)   
refused to rule on the request,
objection, or motion, and the complaining party objected to the refusal.

 

 

 

Tex. R. App. P. 33.1(a).

            We
have reviewed the record and have found no request, objection, or motion
raising the complaint now brought on appeal. Therefore, this matter is not
preserved for appellate review.  See Tex.
R. App. P. 33.1(a); Washington, 71 S.W.3d at 499-500.  We
overrule Appellant’s sole issue.

 

Unassigned Error

            This
court previously ordered additional briefing by the parties on an issue of
unassigned error.  The indictment in question states that the grand jury was
“organized as such at the JULY/SEPTEMBER Term A.D. 2003 of the 159TH
Judicial District Court” of Angelina County, Texas.  That court has no “JULY/SEPTEMBER
Term.” See Tex. Gov’t Code Ann.
§ 24.302 (Vernon 2004).  Further, any such term would have expired before the
alleged crime was committed and before the grand jury handed down its
indictment.  See Tex. Gov’t
Code Ann. § 24.012 (Vernon 2004).  Therefore, we requested that the
parties address whether it is possible from the appellate record to conclude
that the individuals who rendered this indictment were still members of a grand
jury.  See Webb v. State, 161 Tex. Crim. 442, 444-45, 278
S.W.2d 158, 159-60 (1955).  We also requested that the parties address whether
an error of this type must be preserved for appellate review.

            After
considering the briefs of both parties, we hold that an error in the
designation of the grand jury’s term is an error of form.  See Caraway v.
State, No. 10-04-00364-CR, 2005 WL 3005669, at *1 (Tex. App.—Waco Nov.
9, 2005, no pet.) (mem. op., not designated for publication); Ragston v.
State, No. 01-99-01091-CR, 2000 WL 1434246, at *1 (Tex. App.—Houston
[1st Dist.] Sept. 28, 2000, no pet.) (not designated for publication).  “If the
defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on
the merits commences, he waives and forfeits the right to object to the defect,
error, or irregularity and he may not raise the objection on appeal or in any
other postconviction proceeding.”  Tex.
Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005).  Therefore, this error
is of the type that may be forfeited by inaction.  See Mendez v. State,
138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (describing forfeitable rights); see
also Caraway, 2005 WL 3005669, at *1; Ragston, 2000 WL
1434246, at *1.

            Although
courts of appeals may have the discretion to review unassigned error, see
Carter v. State, 656 S.W.2d 468, 468-70 (Tex. Crim. App. 1983), they
“can only sit in review upon matters of error either fundamental or which are
properly raised upon the trial, and properly brought before [the appellate
court].”  See Moreno v. State, 114 Tex. Crim. 559, 561, 26 S.W.2d
652, 653 (1930) (op. on reh’g); see also Carter, 656
S.W.2d at 469 n. 4 (quoting Moreno).  “Fundamental error occurs
when a defendant’s rights are injured to the extent that he is denied a fair
and impartial trial.”  See Tanner v. State, 681 S.W.2d
626, 628 (Tex.App.—Houston [14th Dist.] 1983, pet. ref’d).  In light of Mendez,
we hold that, here, the issue does not involve fundamental error.  See Mendez,
138 S.W.3d at 341 (questions of error preservation now considered under
framework of systemic requirements, waivable rights, and forfeitable rights). 
Therefore, we may not review this unpreserved issue.

            We
note that the State, in response to our additional briefing order, supplemented
the record with evidence indicating that the correct grand jury term should
have been stated as the “April - June 2004 TERM.”  However, we note that the
159th District Court has no “April - June Term.”  See Tex. Gov’t Code Ann. § 24.302.  But the
months of April and June both fall within the trial court’s January Term.  See
id.  Therefore, it is possible to conclude that the trial court
simply chose for the grand jury’s term to be of shorter length than the trial
court’s actual term.  Further, this possible defect, misnaming the term of the
grand jury, based upon our prior reasoning, would also involve a forfeitable
right requiring preservation for review.  Cf. Caraway, 2005 WL
3005669, at *1; Ragston, 2000 WL 1434246, at *1.

 

Disposition

            We affirm the judgment of the
trial court.

 

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

 

 

Opinion delivered August 31, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)