IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1955-04; 1956-04; 1957-04






THE STATE OF TEXAS
 


v.



CAMERON O. BAILEY
, Appellant





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


DALLAS COUNTY





 Meyers, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 In 2002, the State charged Appellant Cameron O. Bailey with three violations of
the Texas Securities Act. In a consolidated trial, the jury found him guilty of selling
unregistered securities (cause number F02-00019-T), selling securities without being a
registered securities salesperson (cause number F-02-00035-T), and engaging in fraud in
the sale of securities (cause number F02-00037-T). The trial judge sentenced Appellant
to five years' confinement and a $1000 fine on the first two indictments and eight years'
confinement and a $5000 fine on the third indictment. 

 On appeal, Appellant claimed that the certificates of deposit at issue were not
securities under the Texas Securities Act as a matter of law and that the trial court had
erred in finding otherwise. The Eighth Court of Appeals concluded that "whether a
nominal certificate of deposit is or is not a security . . . depends on the facts and the
determination of that issue must be left to a jury." Bailey v. State, 155 S.W.3d 346, 348
(Tex. App.-El Paso 2004). It then re-framed Appellant's complaint to be that "the trial
court erred in charging the jury that the certificates of deposit in this case were
securities." The court of appeals sustained this sole issue and remanded the case for a
new trial.

 The State petitioned from the holding of the court of appeals, and we granted the
following grounds for review: 1) Did the court of appeals err in finding jury charge error
where the Appellant affirmatively requested the trial court and not the jury decide the
issue on which the reversal is based? 2) Did the court of appeals err in finding jury charge
error where the Appellant failed to object to the error at trial? 3) Did the court of appeals
err in finding jury charge error where the Appellant did not argue the ground at trial or
present it as a point on appeal? The issue on appeal had been whether the trial court made
a proper determination that the certificates of deposit at issue were securities as a matter
of law, not whether it properly charged the jury. Because the court of appeals resolved
the case under a theory that Appellant did not raise at trial or on appeal, we hold that the
court of appeals erred and remand the case so that it can address the arguments briefed by
the parties.

Facts

 In 1998, Appellant began working as a salesperson at Cornerstone Financial,
where he sold purported high-yield certificates of deposit (CDs) on behalf of Cambridge
International Bank of Grenada. Cambridge is a subsidiary of Royal Bank and Trust of
Zurich A.G., a Swiss trust company operating out of the West Indies, and it is not
registered to conduct banking business in the United States or to sell securities in Texas. 
Although Appellant claimed in newspaper advertisements and in the prospectus given to
potential investors that the CDs were insured, there was in fact no federal or private
insurance securing investments in these instruments. Furthermore, Appellant was not
registered to sell securities in Texas, and in 1999, the Texas Securities Board began
investigating him for alleged illegal sales of viatical contracts, which it advised him were
securities. In 2000, Cornerstone Financial shut down, and the certificates of deposit that
had been sold to investors were never repaid in full. In 2002, the State brought criminal
charges against Appellant in three separate indictments for (1) selling unregistered
securities; (2) selling securities without being a registered securities salesperson; and (3)
engaging in fraud in the sale of securities.

 At trial, defense counsel contended that Appellant had been improperly indicted
because the certificates of deposits which he had sold to investors did not fall under the
definition of securities under the Texas Securities Act. (1)
 Because there was no controlling
Texas or federal caselaw on the issue, defense counsel argued that the trial judge should
decide whether the certificates of deposit constituted securities as a matter of law. The
State agreed to this request, and both parties reserved their right to challenge the trial
judge's determination. The State then put on its expert witness, the director of the
Enforcement Division for the Texas Securities Board, outside the presence of the jury. (2) 
The witness testified that the certificates of deposit in this case qualified as securities
under the Act's definition because they were "evidence of indebtedness" and "investment
contracts." In issuing his opinion, the expert relied on the Texas Supreme Court case,
Searsy v. Commercial Trading Corp., 560 S.W.2d 637 (Tex. 1977), and the United States
Supreme Court case, S.E.C. v. W.J. Howey Co., 328 U.S. 293 (1946), and the definitions 
and the tests outlined therein. In its charge to the jury, the court instructed that the
certificates of deposit were securities under the Texas Securities Act (3) and the jury should
find Appellant guilty if the State had proved the other elements of the offenses beyond a
reasonable doubt. After the jury determined Appellant's guilt, the trial judge imposed
fines and confinement for each of the offenses.

Court of Appeals

 On appeal, Appellant's sole claim involved "whether the trial court erred in
finding as a matter of law that a certificate of deposit is a security within the meaning of
the Securities Act." In his brief, Appellant submitted that the Texas Securities Act did
not include certificates of deposit within its definition of securities and that no Texas case
had defined a certificate of deposit as a security. Appellant also argued that the
certificates of deposit at issue did not fall into any of the "uncommon or irregular
instruments" provisions of the statute, such as evidence of indebtedness or an investment
contract, because they did not meet any of the various tests established by the United
States Supreme Court for these categories.

 The State argued that the trial judge had not erred in making his determination as a
matter of law. In its brief, it contended that the certificates of deposit at issue fell within
the definition of a security as "an interest in any or all of the capital, property, assets,
profits or earnings of any company, investment contract, or any other instrument
commonly known as a security, whether similar to those herein referred to or not." The
State also cited federal and state cases in support of the trial judge's determination and
examined the certificates of deposit under the tests enunciated by the United States
Supreme Court for establishing a financial instrument as a security, concluding that the
CDs met the requirements.

 Instead of considering Appellant's complaint that the trial judge had erred in
concluding that the CDs were securities as a matter of law, the court of appeals
determined that a certificate of deposit's qualification as a security was a fact question
that should have been put to the jury with appropriate instructions. Based on this
conclusion, the court of appeals re-framed Appellant's issue, citing to Texas Rules of
Appellate Procedure 38.1 and 38.9, (4) and held that the trial court had erred in submitting
its jury charge. The court of appeals remanded the case for a new trial.

Issue Granted

 The State filed a petition for discretionary review, arguing that the court of appeals
erred in finding jury charge error because: 1) the Appellant affirmatively requested the
trial court and not the jury decide the issue on which the reversal is based; 2) the
Appellant failed to object to the error at trial; and 3) the Appellant did not argue the
ground at trial or present it as a point on appeal. We granted review on these grounds,
and we hold that the court of appeals committed error when it addressed an issue not
presented to the trial court or raised by the parties on appeal.

Analysis

 We have held that it violates "ordinary notions of procedural default" for a court of
appeals to reverse a trial court's decision on a legal theory that the complaining party did
not present to the trial court. Hailey v. State, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002)
(citing State v. Mercado, 972 S.W.2d 75, 77-78 (Tex. Crim. App. 1998)). Accordingly,
we have established that an appellate court may not reverse a trial court "on a theory that
the trial court did not have the opportunity to rule upon and upon which the non-appealing
party did not have an opportunity to develop a complete factual record." Hailey v. State,
87 S.W.3d at 122 (citing Posey v. State, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)). In
the instant case, the parties agreed that the trial judge would decide whether the
certificates of deposit at issue met the definition of a security under the Texas Securities
Act as a matter of law. (5)
 Their agreement precluded the trial judge from making a
determination on whether the issue was a question of law or a question of fact.

 In addition, we have established that it is improper for an appellate court to reverse
a case on a theory not raised at trial or on appeal. Hailey v. State, 87 S.W.3d at 118;
Gerron v. State, 97 S.W.3d 597 (Tex. Crim. App. 2003) (per curiam). On appeal,
Appellant continued to claim that the certificates of deposit in question were not
securities under the Texas Securities Act as a matter of law. Appellant never argued that
it was the province of the jury to determine whether the certificates of deposit were
securities. The issue upon which the court of appeals reversed the trial court was not
before it.

 In "re-fram[ing]" Appellant's complaint on appeal, the court of appeals relied on
two provisions of the Texas Rules of Appellate Procedure. Citing Rules 38.1 and 38.9, it
reformulated the issue to be that the trial court erred in charging the jury that the CDs
were securities. It then reversed the trial court on this ground. We find no support for the
court of appeals' position under these provisions. Rule 38.1 deals with the requirements
an appellant must meet in preparing his brief for the court, and Appellant satisfied all of
them in submitting his brief to the Eighth Court of Appeals. Although Rule 38.1(e)
explains that "the statement of an issue or point [presented for review] will be treated as
covering every subsidiary question that is fairly included," the issue of who should make
the determination of whether CDs qualify as securities under the Texas Securities Act is
clearly separate from whether the trial judge in this case, in response to the agreement of
the parties, erred in deciding that the CDs in question were securities as a matter of law. 
Rule 38.9 instructs that the briefing rules are to be construed liberally, allowing the
appellate court to "require additional briefing, and make any other order necessary for a
satisfactory submission of the case" if it "determines . . . that the case has not been
properly presented in the briefs, or that the law and authorities have not been properly
cited in the briefs." Tex. R. App. Proc. 38.9(b). While this provision gives the appellate
courts some discretion in remedying "substantive defects" in parties' briefs, it does not
allow the court of appeals to reach out and reverse the trial court on an issue that was not
raised.

Conclusion

 The court of appeals reversed this case on an issue that was neither ruled upon by
the trial court, nor raised on appeal. Its discretion does not extend so far. In the instant
case, the court of appeals should have answered the question posed by Appellant on
appeal. We sustain the State's third ground for review, making it unnecessary to address
its other grounds for review, which we dismiss. The judgment of the court of appeals is
reversed, and the case is remanded for resolution of whether the CDs in the instant case
qualify as securities under the Texas Securities Act as a matter of law.

 Meyers, J.


Delivered: September 20, 2006

Publish
1. The definition of security in the Texas Securities Act is contained in Tex. Rev. Civ.
Stat. art. 581-4. It states that "[t]he following terms shall, unless the context otherwise
indicates, have the following respective meanings":


 A. The term "security" or "securities" shall include any limited partner interest in
a limited partnership, share, stock, treasury stock, stock certificate under a voting
trust agreement, collateral trust certificate, equipment trust certificate,
preorganization certificate or receipt, subscription or reorganization certificate,
note, bond, debenture, mortgage certificate or other evidence of indebtedness, any
form of commercial paper, certificate in or under a profit sharing or participation
agreement, certificate or any instrument representing any interest in or under an
oil, gas or mining lease, fee or title, or any certificate or instrument representing or
secured by an interest in any or all of the capital, property, assets, profits or
earnings of any company, investment contract, or any other instrument commonly
known as a security, whether similar to those herein referred to or not. 

2. Earlier in the trial, the jury heard the testimony of the State's other expert witness,
William Kerr, a National Bank Examiner with the Office of the Comptroller of the Currency,
who testified that Cambridge Bank was an offshore bank that was not approved to do banking in
the United States and that there was no deposit insurance or other security to protect that bank's
deposits. See Bailey, 155 S.W.3d at 348.
3. The relevant portion of the jury charge read: "You are instructed that the term 'security'
or 'securities' shall include an evidence of indebtedness, or investment contract, or any other
instrument commonly known as a security whether similar to those herein referred to or not. 
You are instructed that documents described herein as a certificate of deposit . . . are securities."
4. Tex. R. App. Proc. 38.1, 38.9 (Vernon 2004).
5. Following a discussion of Appellant's trial claim that the CDs in question were not
securities as a matter of law, the court took a brief recess. When the court came back to order,
the trial judge stated:


 It is my understanding that the lawyers and the parties to the case have agreed to
have the Court consider the testimony of the expert witness, David Grauer,
outside the presence of the jury, and . . . make a legal finding as to the instrument
at issue in each of the three cases being stated in the indictment as a Certificate of
Deposit . . . being a security covered by the Securities Act or not being a security
covered by the Securities Act and so instruct the jury in the Court's charge on this
point.

 

 Both sides observed the right to object to and take exception to the Court's ruling
but agree to the Court making the finding at this point.


The State's attorney, defense counsel, and Appellant indicated that the judge's remarks correctly
reflected their understanding of the agreement.