# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00762-CR

**Jose DeJesus Guel-Rivas, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 58060, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Jose DeJesus Guel-Rivas of the first degree felony of aggravated sexual assault. *See* Tex. Penal Code Ann. § 22.021 (West 2007). The trial court assessed punishment and sentenced appellant to ninety years' confinement. In one issue, appellant challenges the trial court's admission of a sexual assault examiner's report and related testimony. For the reasons that follow, we affirm the judgment of conviction.

## FACTUAL BACKGROUND

Appellant was indicted for the alleged aggravated assault of A.E., a child younger than fourteen years of age, by penetration of A.E.'s anus on or about April 1, 2003. At the time of the alleged assault, A.E. was seven years old and living with his mother, appellant, and two sisters.

At the trial in 2006, the State called A.E., his step-mother, Teresa Cruz, the detective that conducted the investigation, a sexual assault examiner, and a clinical social worker. A.E.

testified that at times when his mother was not at home, appellant made A.E. touch appellant's penis and that appellant, on two separate occasions, made A.E. "bend over" on his bed, and appellant "put his penis" inside A.E.'s "butt." A.E. testified that he was "yelling and screaming" and that appellant "put a pillow over [his] head." Shortly after the alleged assaults occurred, A.E. began living with his father and Cruz. A.E. testified that he thought that the first person he told what appellant did to him was Cruz and that he waited "to talk to anybody about it" because "[he] was scared."

Cruz testified A.E. told her in May 2005 about what appellant did to him and that she contacted Child Protective Services in response. After she contacted CPS, personnel at the child advocacy center interviewed A.E. about his allegations. The investigating detective testified that she observed A.E.'s interview at the center and that there were no "significant differences" between what A.E. stated in the interview and A.E.'s account of events as told to the detective by Cruz. A.E. was also examined by Debra Kleypas, a sexual assault nurse examiner at Scott & White Hospital, and Kleypas prepared a report from the examination. The report quotes A.E.'s "history of assault" by appellant and includes two diagrams depicting A.E.'s words for "parts of the body." Specifically, the report quotes A.E. as stating that:

> Appellant did something bad that adults do. He made us touch his private part (indicates penis on body diagram). He made me & [his sister]. He tried to put it in my bottom (indicated penis on body diagram). A.E. pointed to penis on body diagram and stated, he put this private part in there, pointing to buttock on body diagram, where # 2 comes from.

The report also states that A.E. had "no injury." Kleypas was "out of the country" and did not testify at trial. The trial court admitted Kleypas's report through the testimony of another Scott & White

2

sexual assault nurse examiner, Dana White. White testified as the custodian of records for the report's admission, and she testified generally concerning the behavior of sexually abused children. The clinical social worker similarly testified concerning the behavior of sexually abused children. The jury found appellant guilty of aggravated sexual assault, and this appeal followed.

## ANALYSIS

In one issue, appellant contends that the trial court erred in admitting Kleypas's report and White's testimony "concerning the findings of that report." Appellant urges that this evidence violated his constitutional right to confront witnesses against him. *See* U.S. Const. amend. VI. Appellant contends that he was denied the opportunity to cross-examine Kleypas and that he "constructively objected" on this basis by the objections he made during White's testimony.

The State first responds that appellant's claim is not preserved. Before the report was admitted, appellant objected to its admission on the ground that Kleypas, as the report's author, should be the one to "authenticate" it. After the report was admitted, appellant objected to the State's question to White whether it would be common or uncommon for a child not to have noticeable injury two years after an assault on the grounds that White did not perform the examination and she was not an expert. Appellant similarly objected when the State asked White whether it was common or uncommon for a child to reveal that threats had been made on the ground that such testimony went beyond White's "competence" and "call[ed] for speculation." Finally, appellant objected to White testifying where she went to college. The stated ground for this objection was relevancy.

3

Appellant's objections to White's testimony and the report's admission did not include the Confrontation Clause as a basis for excluding the evidence. Appellant did not raise a timely and specific objection based on the Confrontation Clause, and he has waived this issue on appeal. *See* Tex. R. App. P. 33.1; *State v. Bailey*, 201 S.W.3d 739, 743 (Tex. Crim. App. 2006) (trial court may not reverse on legal theory not presented); *Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991) (defendant waives constitutional right to confront witnesses if he does not object at trial); *Bunton v. State*, 136 S.W.3d 355, 368 (Tex. App.—Austin 2004, pet. ref'd) (same). Because appellant's objection on appeal does not comport with his objections below, appellant has failed to preserve this objection. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

Even if appellant preserved an objection to the examination report and White's testimony concerning the report based on the Confrontation Clause, we conclude that the trial court did not err in admitting this evidence. We review the constitutional issue *de novo*. *See Wall v. State*, 184 S.W.3d 730, 742-43 (Tex. Crim. App. 2006); *Lagunas v. State*, 187 S.W.3d 503, 513 (Tex. App.—Austin 2005, pet. ref'd). The Confrontation Clause prohibits out-of-court statements that are "testimonial" and not subject to cross-examination unless the witness is shown to be unavailable and the defendant has had a prior opportunity to cross-examine the witness. *See Crawford v. Washington*, 541 U.S. 36, 59 (2004). A statement is "testimonial" if it is a "solemn declaration" made for the purpose of establishing some fact. *Id*. at 51; *see also Russeau v. State*, 171 S.W.3d 871, 880-81 (Tex. Crim. App. 2005); *Grant v. State*, 218 S.W.3d 225, 229-31 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

Appellant does not object to the report based on Kleypas's statements contained in the report, but on A.E.'s statements to Kleypas, specifically the quote in the "history of assault" section. Appellant asserts that A.E.'s account to Kleypas of what happened was "testimonial" in nature. *See Crawford*, 541 U.S. at 51. Appellant, however, was able to confront the out-of-court declarant, A.E, at length during cross-examination. In *Crawford*, the Supreme Court noted that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Id*. at 59 n.9. Generally, the Confrontation Clause is not violated when the declarant testifies at trial because the declarant is available to defend or explain the hearsay statements. *See id.* The only other statements by Kleypas in the report are her findings that A.E. did not have any physical injuries. These findings were a "sterile recitation" of facts and, therefore, "nontestimonial" and not subject to the Confrontation Clause. *See Grant*, 218 S.W.3d at 231; *Mitchell v. State*, 191 S.W.3d 219, 221-22 (Tex. App.—San Antonio 2005, pet. ref'd). In any event, A.E.'s lack of physical injury two years after the alleged assault was not disputed and was favorable to appellant.

As to White's testimony, other than testifying as the custodian of records, her testimony was limited to her experiences as a sexual abuse examiner and to her personal observations of sexually abused children. Appellant was able to cross-examine White concerning her personal experiences, including her educational background and credentials. The report's admission and White's testimony did not violate appellant's constitutional right to confrontation. The trial court did not err in admitting the report or White's testimony.

Finally, even if the report and White's testimony should have been excluded, we conclude any error was harmless. For a constitutional error to be held harmless, the court must be able to determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* Tex. R. App. P. 44.2(a); *Davis v. State*, 203 S.W.3d 845, 849-50 (Tex. Crim. App. 2006); *Wall*, 184 S.W.3d at 745-46. "If there is a reasonable likelihood that the error materially affected the jury's deliberations, then the error is not harmless beyond a reasonable doubt." *Wall*, 184 S.W.3d at 746. In determining whether a *Crawford* error is harmless, we consider the importance of the out-of-court statements to the State's case, whether the statements were cumulative of other evidence, whether other evidence corroborates the statements, and the overall strength of the prosecution's case. *See Davis*, 203 S.W.3d at 852.

Applying these considerations to the examination report and White's testimony, A.E.'s account of events to Kleypas was cumulative, and other evidence corroborated it. A.E. testified in detail and was cross-examined at length. In addition to A.E.'s testimony, Cruz and the investigating detective testified to A.E.'s accounts of events. A.E.'s various accounts were consistent. At trial, A.E. was inconsistent on certain specific details such as the time the alleged assaults occurred and where his mother was when the alleged assaults occurred, but the social worker testified that confusion of these types of details was common for sexually abused children. Similarly, White's testimony concerning general behavior of sexually abused children was cumulative and corroborated by the clinical social worker's testimony. Finally, there was ample evidence to support the prosecution's case. A.E.'s testimony alone supported the conviction. *See* Tex. Code Crim. Proc. Ann. art. 38.07 (West 2005) (uncorroborated testimony of victim seventeen

years or younger may support conviction for aggravated sexual assault).  After reviewing the evidence, we conclude that any error in admitting the report and White's testimony was harmless.

**CONCLUSION**

Having overruled appellant's issue, we affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   November 30, 2007

Do Not Publish