

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1802-13

### THE STATE OF TEXAS

### v.

### SHIRLEY COPELAND, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### VICTORIA COUNTY

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined. MEYERS, J., filed a dissenting opinion.

## O P I N I O N

This is the second State's appeal with respect to the trial court's order granting a motion to suppress in favor of Shirley Copeland, appellee. In our first opinion on discretionary review in this case, we held that the trial court had incorrectly applied *Georgia v. Randolph*, 547 U.S. 103 (2006), as a basis for granting appellee's motion to suppress evidence seized during a vehicular search following a traffic stop, and we remanded the case to the court of appeals for further consideration of the State's appeal in light of that ruling. *State v. Copeland*, 399 S.W.3d 159, 160, 167 (Tex. Crim.

App. 2013). Now, in its present appeal, the State challenges the court of appeals's determination in its opinion on remand that the State failed to provide evidence that the driver's consent to search was given freely and voluntarily and failed to assert that argument in its brief on direct appeal, thereby resulting in the procedural default of its consent argument on appeal. We agree with the State that the record fails to show procedural default on this basis. We reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.

## I. Background

### A. The Initial Detention and Search

One evening in 2011, Deputy Garza of the Victoria County Sheriff's Office was observing a house known for illegal-narcotics activity. He saw a sport utility vehicle ("SUV") approach the house and observed Copeland, the passenger, get out of the SUV, leave the deputy's sight, and return to the SUV after several minutes. After the SUV left the house, the deputy stopped the driver of the SUV, Wayne Danish, for a traffic violation.

Garza asked Danish to step outside the vehicle for questioning. Suspecting possible narcotics activity, the deputy asked Danish for consent to search the SUV. Danish agreed, but Copeland refused. She claimed to be the owner of the SUV even though she was not listed as the owner on the vehicle registration. Copeland and Danish also informed the deputy that they were married under common law. Although Copeland continued to refuse consent, Danish again consented, and the deputy searched the SUV. After finding two white pills, later identified as Tramadol, in the middle console, the deputy arrested and charged Copeland with misdemeanor possession of a dangerous drug. *See* TEX. HEALTH & SAFETY CODE § 483.041(a).

### B. Copeland's Motion to Suppress

Copeland filed a motion to suppress alleging that the drug evidence had been seized in violation of the federal and state constitutions. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. Specifically, Copeland's motion asserted two bases for challenging the legality of Garza's search. First, she asserted that the search was unlawful because "consent is not valid even when consent is given by a person with authority to consent when there is a contemporaneous refusal by a person who is physically present for the search and who shares equal authority with the person who authorized the search." Alternatively, she challenged the search on the basis that it had occurred after a prolonged investigatory detention, asserting that "the extended detention by law enforcement [was] not justified under the law, the detention by law enforcement was not reasonably related in scope to either the circumstances that justified the stop nor was it to dispel any reasonable suspicion that developed during the stop."

At the hearing on Copeland's motion to suppress, the parties litigated the issue of Copeland's standing to challenge the search in addition to the two grounds asserted in her motion. At the conclusion of the hearing, the trial court granted the motion and orally made specific findings of fact and conclusions of law on the record as to the basis for its ruling.

First, the parties disputed whether Copeland and Danish were married under the common law and, if they were, whether Copeland, as the passenger in the SUV, had standing to contest the search. After the hearing, the trial court made findings of fact and conclusions of law that Copeland did have standing to challenge the search in light of her "possessory interest" in the vehicle as the common-law spouse of Danish, the vehicle's owner.

Second, the parties disputed whether Copeland had the authority to refuse to give the officer consent to search the SUV when Danish, the driver, had given the officer consent to search it. After

the hearing, the trial court made a conclusion of law that Copeland's "refusal to grant permission for the search obviated the driver and owner's consent, and thus the search was unreasonable under the requirements of the Fourth Amendment of the United States Constitution."

Third, the parties disputed whether the detention that lasted at least twenty minutes while the deputy was obtaining consent from Danish was for "an unreasonable amount of time," as Copeland suggested, or lasted no longer than reasonably necessary to accomplish the objective purpose of the stop, as the State suggested. Although this legal theory had been presented in Copeland's written motion to suppress and had been discussed in the suppression hearing, the trial court did not make any findings of fact or conclusions of law on this matter.

After making oral findings of fact on the record immediately after the hearing, the trial court made additional written findings of fact and conclusions of law consistent with its earlier findings. The State then appealed the trial court's order.

## C. The First Appeal

In its appeal to the court of appeals, the State presented three issues: (1) whether Copeland, as a passenger in the vehicle, had standing to challenge the search, (2) whether the facts established a common-law marriage, and (3) whether the deputy had effective consent to search in light of Danish's consent and Copeland's refusal of consent. Copeland responded to these three issues in her appellee's brief. Overruling the State's three issues, the court of appeals upheld the trial court's order suppressing the evidence, concluding that "it was not error for the trial court to conclude that appellee's refusal to grant permission for the search negated the consent given by her common-law husband, who was the registered owner of the vehicle." *State v. Copeland*, 380 S.W.3d 214, 221 (Tex. App.—Corpus Christi 2012). Although it had been raised in Copeland's motion to suppress

as a possible basis for finding the search illegal, the matter of whether the length of the detention was unreasonable was not discussed in the court of appeals's opinion or in the parties' briefs to that court.

The State filed a petition for discretionary review with this Court, in which it challenged the court of appeals's decision to overrule each of the State's three issues. This Court granted the State's petition, but only on the single issue of whether Danish's consent was effective in light of Copeland's refusal of consent, thereby denying review of the other two issues. This Court held that Copeland did not have a right under the Fourth Amendment to invalidate the consent to a vehicular search that was given by Danish, and it reversed the judgment of the court of appeals and remanded the case to that court to determine whether some alternative basis existed for the court of appeals to uphold the trial court's suppression ruling in favor of Copeland. *Copeland,* 399 S.W.3d at 162.

Although no party had addressed the matter of procedural default by the State on direct appeal or in the appeal before this Court, this Court's opinion identified a particular area where the State may have procedurally defaulted its challenge to the trial court's ruling on appeal, and we remanded the case for the court of appeals to address it. We noted that Copeland's motion to suppress had challenged the length of the detention as being unreasonable, but that the State's brief in the initial direct appeal to the court of appeals had not presented any arguments related to that ground. *Id*. This Court stated,

> We do not address the first ground [in Copeland's motion to suppress] because (1) it is not a ground in the petition before us, (2) the court of appeals did not address it, and (3) resolution of the matter requires further analysis with respect to whether the State has forfeited any challenge to this alternative ground by failing to challenge it on appeal; whether the trial court intended for its general order to be limited to only the ground covered by the findings of fact and conclusions of law rendered, which pertained only to the *Randolph* ground; or whether some other disposition, such as abatement, is necessary to determine the trial court's intent with respect to its ruling.

*Id*. at 162 n. 4. This Court, therefore, remanded the case for the court of appeals to address the question of procedural default in the first instance with respect to Copeland's alternative argument in her motion to suppress that the length of the detention was unreasonable, and to consider whether the trial court's findings of fact and conclusions of law were adequate to resolve the disputed issues before the court or whether abatement for additional fact findings might be necessary.

### D. The Court of Appeals's Decision After Remand

Rather than address the possible procedural default that had been identified in this Court's opinion, the court of appeals instead issued a memorandum opinion on remand addressing an alternative basis for finding that the State had procedurally defaulted on appeal. The court of appeals determined that, because the search was conducted without a warrant, the State had the burden to establish that the consent given by Danish was freely and voluntarily made, and it concluded that the State failed in its burden to establish this. *State v. Copeland,* No. 13–11–00701–CR, 2013 WL 6588031, at *1 (Tex. App.—Corpus Christi Dec. 12, 2013). The court explained that "the State failed to meet its burden to prove the reasonableness of the warrantless vehicular search that led to the discovery of the suppressed evidence because it procedurally defaulted on an essential element of a consensual search, the only legal theory it offered to establish the reasonableness of the search." *Id.* The court noted that the trial court made a finding of fact that Danish gave consent twice, but that the trial court did not find that Danish granted the consent freely or voluntarily. *Id*. at *5.[1] On

---

[1] Specifically, in its written findings of fact and conclusions of law, the trial court stated,

(1) After some preliminary questions about where the driver had been and where he was going, Deputy Garza asked for permission to search the vehicle. The driver consented.

(2) Deputy Garza [later] requested permission [to search] again from the driver. The driver consented.

that basis, the court of appeals held that the State had procedurally defaulted its consent argument by failing to present adequate evidence and arguments at trial. *Id.* The court of appeals also explained that "on appeal, the State has inadequately briefed, and thus waived, the issue of whether the trial court erred in failing to find that the consent was granted freely and voluntarily." *Id.* at *1. It concluded that, "even if the State had not procedurally defaulted at the hearing, it has defaulted on appeal" because its "brief is silent on this and all other aspects of the issue of voluntariness of the consent." *Id.* at *9 n. 9. It thus reaffirmed the trial court's ruling granting Copeland's motion to suppress, this time on the basis that the State had procedurally defaulted its argument that the search was lawful in light of Danish's free and voluntary consent. *Id.*

The court of appeals did not address this Court's concerns with possible procedural default on the basis that the State had failed to address the alternative ground in Copeland's written motion to suppress that had argued that the length of the detention was unreasonably long. At most, the court of appeals stated,

> The trial court's findings of fact and conclusions of law did not expressly address the first ground asserted in Copeland's motion (i.e., that Deputy Garza's extended detention of her was unlawful because it was not reasonably related in scope to the circumstances that justified the stop or necessary to dispel any reasonable suspicion that developed during the stop). The State did not object to the trial court's failure to issue findings of fact and conclusions of law addressing the lawfulness of the extended detention. *See* TEX. R. APP. P. 33.1(a).

*Id.* at *5. Other than making this observation, the court of appeals did not analyze or determine that the State's failure to address the length of the detention in its appellate brief resulted in procedural default.

In its second petition for discretionary review in connection to this case, the State challenges the court of appeals's determination that it procedurally defaulted the matter of whether Danish's

consent was freely and voluntarily given.[2]  In support of its argument, the State contends that the record shows that it presented adequate evidence on that matter at the suppression hearing and included that theory in its appellate brief in the court of appeals.

### II. The Issue of the Voluntariness of the Consent Was Not Procedurally Defaulted At Trial

The State contends, and we agree, that the court of appeals erred by determining that the State procedurally defaulted its consent argument in the trial court.  The court of appeals determined that, because this was a warrantless search, the State had the burden to show that Danish's consent was freely and voluntarily given and that, because the State failed to present evidence on this matter at the hearing on the motion to suppress, the State procedurally defaulted this issue on appeal.  We disagree with this assessment by the court of appeals because, as explained below, the State did present evidence on the voluntariness of Danish's consent and, at any rate, this was not a disputed matter in the motion to suppress that was filed by Copeland or in the hearing on the motion to suppress.

---

[2]      The State's first two grounds for this Court's review state:

(1) Did the Court of Appeals commit fundamental error by holding that the State procedurally defaulted on proving the consent to search given in this case was voluntary when the court record makes clear [that] the State properly preserved that issue for appeal?

(2) Did the Court of Appeals commit fundamental error by holding that the State procedurally defaulted on arguing that it had voluntary consent on appeal when the State clearly asserted that claim in its first appellate brief for this case?

As an alternative to the State's first two grounds, the State asserts a third ground that states, "Can a party that at the trial level loses on the ultimate issue but prevails on a sub-issue procedurally default on that sub-issue?" Because we determine the first two grounds in the State's favor, we do not reach its alternative argument in its third ground.

Procedural default rests on the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived. *State v. Mercado,* 972 S.W.2d 75, 78 (Tex. Crim. App. 1998). The purpose of this principle is two-fold: (1) To inform the trial judge of the basis of the party's argument and afford him the opportunity to rule on it, and (2) to give opposing counsel an opportunity to respond to that argument. *Bryant v. State*, 391 S.W.3d 86, 91 (Tex. Crim. App. 2012) (citing *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009)). When the State is the appellant, the principle behind procedural default applies just as it would when the appellant is the defendant. *Mercado,* 972 S.W.2d at 78.

It is a long-standing rule that an appellate court must uphold the trial court's order on a motion to suppress "on any theory of law applicable to the case," even if the trial court did not purport to rely on that theory in making its ruling. *See State v. Esparza*, 413 S.W.3d 81, 85 (Tex. Crim. App. 2013) (citing *Calloway v. State*, 743 S.W.2d 645, 651-52 (Tex. Crim. App. 1988)); *see also Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013) (conclusions of law are reviewed *de novo* so that trial court's order is upheld under any legal theory supported by the facts). The only limitation to this rule is that it applies to legal theories presented at trial and on which the appellant was fairly called upon to adduce evidence. *Esparza*, 413 S.W.3d at 85, 90 (holding that, because the State was never "confronted with its burden to establish" the scientific reliability of evidence, the inadmissibility of that evidence based on its scientific unreliability was not a "theory of law applicable to the case").

Here, the court of appeals found that the State procedurally defaulted its challenge to the trial court's order granting Copeland's motion to suppress by failing to present evidence that Danish's consent was freely and voluntarily made. Even if the State had not presented evidence that Danish's

consent was freely and voluntarily made, the State could not be faulted for that in light of the fact that Copeland's motion to suppress never asserted that the search was illegal based on a lack of valid consent from Danish, nor was that treated as a disputed issue at the suppression hearing.   In her written motion to suppress, Copeland conceded that Danish had "granted consent."  Copeland's counsel, in several instances during the hearing, stated that Danish "consented," but that Copeland did not.  He asserted that "the officer did have knowledge and the evidence will show that he even asked the registered owner, [Danish] several times if he still had consent which even gave him the idea . . . that there might have been an issue with husband and wife here.  And the fact is that he knew that and the fact is that he went forward knowing that one person had denied search, one person didn't."  Because the State was never confronted with its burden to establish that Danish's consent was freely and voluntarily made, and because Copeland implicitly conceded the existence of Danish's consent, the absence of evidence on that matter could not be a basis for finding procedural default by the State.  *See id*.

In any event, in the course of presenting evidence addressing Copeland's assertion that her consent invalidated the consent that had been given by Danish, the State did argue and introduce evidence that Danish's consent was freely and voluntarily made.  At the hearing on the motion to suppress, the State told the trial court in its opening statement that "the officer in this case during the detention asked for consent while he had reasonable basis to detain the defendant as well as the other party to the stop."  It further asserted that "the officer asked for this voluntary consent [from Danish] before the initial stop was over," and that Danish "was the owner-driver of the vehicle and he gave the consent to search the vehicle."  The State also introduced evidence from Deputy Garza, the only witness at the hearing, who testified as to his entire encounter with Copeland and Danish and

described the facts surrounding Danish's consent. This included Garza's initial stop of the SUV based on the traffic violation committed by Danish, his first request to Danish for consent, the first grant of consent to search from Danish, the subsequent refusal to consent to a search by Copeland, and the second grant of consent from Danish.[3] In its closing argument, the State reiterated that Garza had "asked for consent from the person that he knew to be in authority and control . . . of that vehicle. He asked Mr. Danish. Mr. Danish consented to the search. . . . [Garza] went back multiple times and asked the driver, Mr. Danish, for consent. Over and over again, he said, yes. He agreed to it." On this basis, the State urged the trial court to find that the "consent and the search of the vehicle . . . were perfectly legal[.]" Even in the absence of a challenge in the trial court by Copeland contesting the voluntariness of Danish's consent, we conclude that the State did present evidence on that matter and, therefore, did not procedurally default on the basis of the lack of argument or evidence as to that matter.

We sustain the State's first ground.

### III. The Issue of the Voluntariness of the Consent Was Not Procedurally Defaulted On Appeal

The State contends that the court of appeals erred by determining that it procedurally defaulted its appeal due to inadequate briefing on the voluntariness of Danish's consent. Briefing

---

[3]     The evidence adduced at the hearing on the motion to suppress reflects the following: Deputy Garza testified that when he first asked Danish for consent to search the vehicle, Danish stated, "Yes, that he had nothing to hide." Danish had already exited the vehicle at that time and was standing at the rear side of the vehicle, during which time Copeland remained in the passenger seat. Garza then went to the vehicle's passenger side and asked Copeland to step out of the vehicle, and it was at that point that Copeland "stated she wasn't giving me consent" to search. Garza "advised [Copeland] that [Danish] was giving me consent, [and that] he was the registered owner" of the vehicle. Copeland then stepped out of the vehicle, but "continued to argue" with Garza, "saying that she's not giving [ ] consent." After Garza's "brief argument" with Copeland, he approached Danish again and asked him, "Are you still giving me consent?" Danish responded, "Yes."

rules are to be construed liberally, and substantial compliance with the Texas Rules of Appellate Procedure is sufficient to avoid waiving the right to appeal an issue. TEX. R. APP. P. 38.9; *see State v. Bailey*, 201 S.W.3d 739, 744 (Tex. Crim. App. 2006). To avoid forfeiting a legal argument for inadequate briefing, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see also Lucio v. State*, 351 S.W.3d 878, 897-98 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000).

As noted above, Copeland never asserted any legal theory challenging the voluntariness of Danish's consent, and, therefore, if the State had not presented arguments with respect to that theory in its appellate brief, then that omission would not be a basis for finding procedural default. *See Esparza*, 413 S.W.3d at 85, 90. Although the State did not explicitly present a ground on direct appeal arguing that Danish's consent was voluntary, the State's brief does provide both legal argument and legal authority supporting its position that Danish's consent was voluntarily given and that Copeland could not invalidate that consent through her refusal. In the body of the argument, the State's brief argues that "[t]he trial court held in error that when the driver and owner of the vehicle is present and freely and voluntarily gives consent to search the vehicle that the passenger's protest will negate such consent." The State's brief also lays out the specific legal framework for analyzing whether an officer may search a vehicle without a warrant by stating, "Police may conduct a valid warrantless search if the person voluntarily and intelligently consents." Following the State's legal argument, its brief also provides specific citations to the record in support of its proposition that Danish gave free and voluntary consent. The State also cited legal authority supporting its argument

that Copeland's refusal of consent did not invalidate the consent given by Danish. Because the State provided legal argument and citations to legal authorities and to the record, the court of appeals improperly found procedural default on the basis of inadequate briefing. We sustain the State's second ground.

## IV. Conclusion

Having determined that the procedural default found by the court of appeals was in error, we again remand this case for the court to address the matter of a possible procedural default that we noted in our original opinion in this case. In our original opinion, we noted that Copeland's written motion to suppress had also argued as an alternative ground that the length of the detention was unreasonable and that the State had failed to challenge that theory in its appellate brief to the court of appeals. We, therefore, remand this case for the court of appeals to address this matter in the first instance.

Delivered: October 22, 2014

Do Not Publish